Wrigi-it, J.,
delivered the opinion of the court:
The question arising for decision on findings iv to ix, inclusive, is whether claimant can recover, under the clause of the contract quoted in the first finding, for the alleged damages for the delays caused by the defendants, as found and recited in the findings of the court.
*132 The legal effect of the part of the contract referred to is, that the entire work covered by the contract was to be completed within eight months from the date of the approval of the bond, and that any particular portion of the work should be completed within such reasonable time as might thereafter be definitely specified in written notice to the contractor, and should there be a failure to so complete the work in the time required the contractor should forfeit $200 per day as liquidated damages thereafter until the completion of the same, provided that if through any fault of the defendants the contractor should be delayed in the execution of the work included in the contract he should be allowed one day additional to the time stated for such completion for each and every day of such delay so caused by the defendants, and that no claim should be made or allowed for damages which might arise out of any delay caused by the defendants.
The provisions of the contract just recited are as valid and binding as any other part of it, and having been voluntarily entered into the contractor has agreed that no claim shall be made or allowed arising out of the delay caused bjr the defendants mentioned in the findings. Extra time to the contractor was made the equivalent for delay caused by the defendants; and the claimant has not shown that such extra time was refused by the defendants.
In respect to the right to recover damages for delays the contract is purely unilateral and is confined to such damages as might be caused by the contractor alone, and for the delays caused by the defendants there can be no recovery.
The defendants insist there can be no recovery in the case for the reason, as argued, that the deceased contractor assigned the contract to Ellis, who managed the work and let the subcontracts. We have not found this to be the fact, and believe the defendants treated and dealt with Ellis as the contractor’s agent during the time of the performance of the work under the contract.
For the work in the elevator pits described in the fourteenth finding there can be no extras allowed, for the reason the work was covered by the specifications and so included in the contract, but for the items embraced in findings x to *133 xiii, inclusive, and finding xv, we are of the opinion the claimant should recover a judgment for two thousand forty-five dollars and thirty-six cents ($2,015.36), and it will be entered accordingly.