BarNet, J.,
delivered the opinion of the court:
This suit arises out of a contract to install a heating and ventilating plant in the two laboratory buildings for the Department of Agriculture. So much of the contract and specifications as are necessary to be examined for the consideration of this case are made a part of the amended petition herein.
Paragraphs 40 and 41 of the specifications are as follows:
“ 40. The bidders are required to fill out on the proposal sheet the clauses relating to materials and appliances which they propose to use; also to give the name and address of manufacturers of special appliances required under this contract.
“ 41. Should bidder fail to submit such a list of materials and appliances, or in the event the materials and appliances named on the proposal sheet in any case are considered unsatisfactory, the department reserves the right to name articles and materials which will conform to the specification, and the selection by the department shall be final and binding* upon the contractor.”
The claimant’s proposal was made in accordance with the advertisement and as provided by said paragraph 40. Among other materials and appliances designated, “the apparatus of the Standard Temperature Regulation Com *259 pany ” was named as one of the appliances to be furnished in the competition of the work. January 16, 1906, this proposal was accepted by a letter signed by the Secretary of Agriculture, with the following reservations therein contained :
“As the merits of the apparatus of the Standard Temperature Regulation Company have not as yet been thoroughly proven to the department as being satisfactory for use with heating and ventilation apparatus of the character and magnitude of that required for the department’s new buildings, the approval of same is withheld. In the event that these further investigations satisfy the department’s-requirements as to said system, it will then be approved. * * * In the event the system is not approved, then another system will be selected by the department in accordance with the rights given in paragraph 41 of the specification.”
The contract was executed February 1,1906, and the above letter of the Secretary of Agriculture was made a part of the same.
February 6,1906, the Acting Secretary of Agriculture sent a letter to the claimant in which he disapproved of the “ apparatus of the Standard Temperature Regulation Company,” and in lieu thereof, in the alternative, selected the “ apparatus of the Johnson Service Company or the Powers Regulator Company,” in accordance with said paragraph 41. February 9, 1906, the claimant addressed a letter to the Acting Secretary of Agriculture acknowledging receipt of said letter of February 6 and designating the apparatus of the Powers Regulator Company as the one to be furnished in the installation of the plant. In this letter he asks if the difference in price between the apparatus of the Standard Temperature Regulation Company and the Powers Regulator Company (which was $2,500) was to fall upon him. February 14, 1906, the mechanical engineer of the Department of,Agriculture wrote a letter to the claimant advising him of the acceptance of the apparatus of the Powers Regulator Company, and stating that no allowance would be made to him on account of the difference in price of the two systems.
By the terms of the contract the work was to be completed June 14, 1907, but on account of the failure of the Government to have the buildings ready during the contract *260 period for the installation of the heating system the time for completion wás extended, and the work was actually completed in March, 1908. April 18, 1909, the claimant, in a letter to the Secretary of Agriculture, acknowledged receipt of the final payment of $10,618.09, expressly reserving the right to sue in this court for the excess in price of the apparatus of the Powers Regulator Company over that of the Standard Temperature Regulation Company, but with no other reservation expressed.
The claimant brings this suit for $2,500, this excess of price, and also for damages caused by the delay of the Government in not having the buildings completed in time for the installation of the plant during the contract period.
As to the first item the claimant contends that the changes contemplated by paragraph 41 of the specifications do not include temperature-control systems, that such systems do not fall under the head of “materials and appliances,” and that the language of paragraph 171 shows this to be the proper construction. There might be some force in this contention were it not for the fact that the contract itself tells us how paragraph 41 is to be construed. The letter of January 1C, 1906, from the Secretary of Agriculture to the claimant informed him in unmistakable terms that “ in accordance with paragraph 41 of the specifications ” he might be required to make a change in the temperature-control system which he had proposed, and two weeks thereafter he executed the contract by the terms of which this letter was made a part. Thus the parties themselves have agreed upon the construction of this paragraph, and the Government was clearly within its rights in making the change it did, and this selection was made with reasonable and rather unusual promptness. This item is therefore disallowed.
The findings show that the failure of the Government to have the buildings completed' in time to allow the' claimant to complete his work within the contract period caused a loss to the claimant of $700, made up of two items — $400 for additional premium on bond during the extended period and $800 expenses in making extra trips from Boston (his place of business) to Washington, made necessary by this delay. The Government has objected to this finding because
*261 it depended upon the testimony of the claimant alone, and cites the case of Stone v. United States (29 C. Cls., 111) in support of this objection. The rule in that case was based upon the peculiar circumstances of that particular class of cases (Indian depredations), the lapse of time and the practical impossibility of the Government being able to procure evidence in rebuttal, and has no application in the case under consideration. Here the damages proven are such as would naturally result from the delay, and hardly need proof except as to amount, and proof in rebuttal, if there was any in existence, was readily within reach of the Government.
It is also contended by the Government that the ■ letter written by the claimant, as shown in Finding IV, releases it from all liability for damages on account of delay, and the case of Cramp v. United States (206 U. S., 118) is cited in support of that contention. In the Cramp case there was a final receipt expressly releasing the Government “of and from all maimer of debts, dues, sum and sums of money, accounts, reckonings, claims, and demands whatsoever, in law or in equity, for or by reason of or on account of the construction of the vessel under the contract.” In the case under consideration the letter is but a simple acknowledgment of the amount received, and the only feature of it unfavorable to the claimant is that it protests upon another subject and is silent as to the claim in question. But in a simple acknowledgment of the receipt of the final sum no protest whatever was necessary, and we see no reason why, because the claimant “ doth protest too much,” he should be estopped because he did not protest enough.
It is also contended that under the contract the extension of time granted the claimant was a compensation for any damages caused by the delay. This contention is based upon a paragraph in the contract which provides, in substance, that when the Secretary of Agriculture is satisfied that any delay has been caused by the Government the contractor shall be given an extension of time equal to such delay, and the case of The Merchants Loan & Trust Co. v. United States (40 C. Cls., 117) is cited to sustain this contention.
The contract in that case contained an express provision that in case of such extension of time no “claim shall be *262 made or allowed for damages which may arise out of any delay caused by the other party.” There is no such provision in the contract in this case; hence the case cited has no application.
Judgment is ordered for the claimant in the sum of $700.